Vernon E. SALYERS

v.

David MATHEWS, Secretary of Health, Education and Welfare.

Civ. A. No. 75–0526–A.

United States District Court, W. D. Virginia, Abingdon Division.

Feb. 3, 1976.

W. Hobart Robinson, Abingdon, Va., for plaintiff.

Donald W. Huffman, Asst. U. S. Atty., Roanoke, Va., for defendant.

## MEMORANDUM OPINION AND ORDER

TURK, Chief Judge.

Plaintiff has filed this action challenging the final decision of the Secretary of Health, Education and Welfare denying his claim for "black lung" benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901 et seq. Jurisdiction of this court is pursuant to § 413(b) of the Act, 30 U.S.C. § 923(b) which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The only issues to be decided by this court are whether the Secretary's final decision is supported by "substantial evidence," and if it is, this court must affirm, or whether there is "good cause" to justify remanding the case to the Secretary for further consideration.

■■ In an opinion eventually adopted as the final decision by the Secretary, the Administrative Law Judge found that Mr. Salyers, a former coal miner, was not entitled to "black lung" benefits. In the formal opinion, the Law Judge specifically refused to consider an x-ray interpretation, a blood gas study, and a medical analysis of Dr. S. G. Ketron, all of which were developed subsequent to July 1, 1973. (TR 17). The Law Judge based this refusal on the observation that the Secretary of Health, Education and Welfare "has a responsibility for administering the black lung benefits for miners' claims filed through June 30, 1973." (TR 17). As interpreted by the Law Judge, the operative effect of this ruling is that evidence submitted after the transfer of jurisdiction on July 1, 1973 cannot be considered

as probative of total disability due to pneumoconiosis prior to that time.

Citing medical authority, this court has recently ruled that, due to the progressive nature of pneumoconiosis, evidence of the existence of the disease developed subsequent to the jurisdictional cut-off date is relevant to a determination as to whether it existed prior to that time. *Collins v. Weinberger,* 401 F.Supp. 377 (W.D.Va.1975). Thus, if a living miner had ceased all mining or comparable employment and had filed an application for benefits prior to July 1, 1973, the Secretary should properly consider evidence of totally disabling pneumoconiosis developed subsequent to June 30, 1973. *Collins v. Weinberger, supra.* Since the post June 30, 1973 evidence in this case is positive for significant lung impairment, the court remands this case to the Secretary for further consideration. Upon remand, both sides will be allowed to present additional evidence so as to insure comprehensive evaluation of Mr. Salyer's claim for benefits.